**STATE of Minnesota, Respondent,**

v.

**Thomas Edward SANDS, Appellant.**

**No. C7–84–1302.**

Court of Appeals of Minnesota.

April 9, 1985.

## OPINION

NIERENGARTEN, Judge.

Appellant Thomas Edward Sands was convicted of the misdemeanor charge of reckless use of a handgun in violation of Minn.Stat. § 609.66 subd. 1(1) (Supp.1983). He challenges two evidentiary rulings of the trial court in his appeal. We affirm.

## FACTS

On January 12, 1984, Sands, a Hennepin County Deputy Sheriff, dressed as a civilian, stopped at a bar after work. On the way home, he attempted to assist a stranded motorist. Sands' truck was blocking the road and he and Robert C. Johnson got into a confrontation when Johnson was unable to drive around Sands' truck. Sands pointed a gun at Johnson or in Johnson's general direction. Sands was arrested. He had a blood alcohol concentration of .15.

Sands was charged with assault in the second degree, assault in the fifth degree and reckless use of a gun. At trial, the court prevented defense counsel from impeaching Johnson with a nine year old conviction for criminal sexual conduct and from calling witnesses to testify about Johnson's alcohol consumption on March 29, 1984.

## ISSUES

1. Did the trial court abuse its discretion in excluding Johnson's nine year old criminal sexual conduct conviction?

2. Did the trial court abuse its discretion in excluding extrinsic testimony on Johnson's alcohol consumption?

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M. Johnson, Anoka County Atty., Daniel A. Klint, Sp. Asst. County Atty., Anoka, for respondent.

Michael G. Singer, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## ANALYSIS

### I.

■ The use of convictions to impeach a witness' credibility is permitted in certain circumstances. Minn.R.Evid. 609; *see State v. Carr,* 361 N.W.2d 397 (Minn.1985); *State v. Southard,* 360 N.W.2d 376 (Minn. Ct.App.1985). The trial court carefully determined that the probative value of admit-

ting the nine year conviction for criminal sexual conduct was outweighed by its prejudicial effect. We agree.

 The conviction was substantially stale and its impeachment value was minimal. Johnson's credibility was not that crucial to the case since Sands' own testimony showed he pointed a gun in Johnson's general direction. Additionally, there was evidence Sands' blood alcohol concentration was .15, which would sufficiently justify the verdict for recklessly using a gun endangering the safety of another. The trial court did not abuse its discretion.

## II.

Johnson testified he had not been drinking within 24 hours prior to the January 12 incident. Johnson also testified that for a period somewhere between December 1983 and March 1984 he did not drink at all. On cross-examination, he was asked whether he would dispute two bartenders who had stated they saw Johnson consume alcohol in their bar on March 29, 1984. Johnson replied, "I know from like December to March, somewhere in there—the reason I know is that her mother was gone—my girlfriend's mother was gone, and during the period she was gone I never drank."

Defense counsel, in an attempt to impeach Johnson, sought to introduce the bartenders' testimony. The trial court ruled Sands could not be impeached because the record was insufficient to establish that Johnson testified he refrained from drinking on March 29, 1984. The trial court pointed out to counsel, "I think you could have delved further into Mr. Johnson and pinned him down and got a better answer." In fact, the court allowed Sands a continuance to recall Johnson to lay a more complete foundation but he declined.

 Under Minn.R.Evid. 608(b), "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, * * * may not be proved by extrinsic evidence." *Id; see State v. Jahnke,* 353 N.W.2d 606, 608–09 (Minn.Ct.App.1984). Sands also waived his right to object when he declined the trial court's offer for a continuance and failed to recall his witness. *See State v. Hitch,* 356 N.W.2d 820, 822 (Minn.Ct.App.1984).

Additionally, the proffered testimony was collateral since it "could not have been introduced into evidence for any purpose other than contradiction." *United States v. Jarrett,* 705 F.2d 198, 207 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). "The trial court exercises broad discretion in determining the extent to which inquiry may be made into collateral matters." *Dick v. Watonwan County,* 562 F.Supp. 1083, 1106–07 (D.Minn.1983), *rev'd on other grounds,* 738 F.2d 939 (8th Cir.1984). The trial court's ruling was a proper exercise of its discretion.

## DECISION

The trial court's evidentiary rulings were well within its discretion.

AFFIRMED.